## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Christopher Cox, on behalf of himself] and all others similarly situated, ] | | |
| ] | CLASS ACTION | |
| ] | COMPLAINT | |
| Plaintiff, ] | | |
| ] | Civil Action File | |
| v. ] | | |
| ] | | |
| Stone Ridge at Vinings, LLC; ] | No. 1:12-cv-02633-AT | |
| The Connor Group, A Real ] | | |
| Estate Investment Firm, LLC; ] | | |
| and Heartland Regional ] | | |
| Power Company, LLC ] | | |
| ] | | |
| Defendants. ] | | |

## DEFENDANT HEARTLAND REGIONAL POWER COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Heartland Regional Power Company, LLC ("Heartland" or "Defendant") and files this, its Answer and Affirmative Defenses to Plaintiff Christopher Cox's Complaint, as follows:

## FIRST DEFENSE

Plaintiff's Complaint, and each subpart thereof, fails to state a claim upon which relief can be granted.

1

## SECOND DEFENSE

Plaintiff lacks standing to assert some or all of the claims raised in her Complaint.

## THIRD DEFENSE

Plaintiff's and the putative class's damages claims are barred, in whole or in part, by his/their failure to mitigate their claimed damages.

## FOURTH DEFENSE

Defendant is not liable to Plaintiff or the putative class he seeks to represent because Plaintiff and/or certain alleged class members unreasonably failed to take advantage of preventative and corrective opportunities or to otherwise avoid the alleged harm experienced by him/her.

## FIFTH DEFENSE

Plaintiff's Complaint cannot be sustained as a class action because his claims do not fulfill one or more of the prerequisites of § 9-11-23(a)/Fed. R. Civ. P. 23(c) or any of the standards set forth at § 9-11-23(b)(1)-(3)/Fed. R. Civ. P. 23(b).

## SIXTH DEFENSE

Some or all of the claims Plaintiff seeks to bring on behalf of himself and/or the putative class are barred by application of the statute of limitations and/or by the equitable doctrines of laches, waiver, and/or unclean hands.

## SEVENTH DEFENSE

Plaintiff's and the putative class's alleged injuries were proximately caused by the superseding and intervening acts of third parties over which Defendant had no control and for which Defendant is not liable.

## EIGHTH DEFENSE

Any award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process, equal protection, property and protection against excessive fines under the Fourteenth Amendment to the U.S. Constitution and the Georgia Constitution.

## NINTH DEFENSE

Any award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process protection against double jeopardy, excessive fines and multiple punishments under the Fifth and Fourteenth Amendments to the U.S. Constitution and the Constitution of the State of Georgia to

the extent that Defendant is subject to multiple punitive awards for the same alleged wrong or conduct.

## TENTH DEFENSE

Defendant is currently without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter.  Defendant expressly reserves its rights to raise any additional affirmative defenses that may be applicable.

## ELEVENTH DEFENSE

Defendant answers the allegations contained in Plaintiff's Complaint as follows:

## ALLEGED NATURE OF THE CASE

1.  Defendant admits that Plaintiff purports to bring this action on behalf of himself and a putative class of similarly situated individuals, the existence of which Defendant expressly denies.  Defendant admits that it provided utility billing services to residents at Stone Ridge at Vinings.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 1 of the Complaint.

2.  Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies them.

4

3. Defendant admits that it was a utility billing service provider for properties operated by The Connor Group, including Stone Ridge. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 3 of the Complaint.

4. Defendant denies each and every allegation in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff purports to bring this action pursuant to O.C.G.A. § 9-11-23/Fed. R. Civ. P. 23 to recover injunctive relief and monetary relief, including damages and attorneys' fees. Defendant expressly denies that Plaintiff is entitled to any such recovery. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 5 of the Complaint.

## PARTIES

6. Upon information and belief, Defendant admits that Plaintiff currently resides at Stone Ridge. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies them.

7. Defendant admits that Stone Ridge at Vinings, LLC is an apartment complex located at 3000 Cumberland Club Drive, Atlanta, GA 30339. Defendant is without

sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies them.

8. Defendant admits that The Connor Group is an Ohio limited liability company with its principal place of business at 6485 Centerville Business Parkway, Centerville, OH 45459. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies them.

9. Defendant admits that it was an Ohio limited liability company with its principal place of business at 6485 Centerville Business Parkway, Centerville, OH 45459. Defendant admits that it was the utility billing service provider for properties operated by The Connor Group, including Stone Ridge. Defendant admits that Stone Ridge residents were billed by Heartland for a variety of utility services, including electric, water, sewage, trash and pest control. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits that it is subject to this Court's jurisdiction. Defendant denies that it is a resident of Georgia. Defendant is without sufficient knowledge to

admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, and therefore denies them.

11. Defendant admits that this Court has subject matter jurisdiction over the claims asserted by Plaintiff.  Defendant expressly denies that Plaintiff can satisfy the elements of a class action pursuant to O.C.G.A. § 9-11-23 or Fed. R. Civ. P. 23. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 11 of the Complaint.

12. Defendant admits that venue is proper in Fulton County.  Defendant denies that a substantial portion of the transactions and wrongs complained of in Plaintiff's Complaint occurred in Fulton County.   Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 12 of the Complaint.

## SUMMARY OF FACTS COMMON TO ALL CLAIMS

### *The Connor Group and Stone Ridge*

13. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies them.

14. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies them.

15. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies them.

16. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies them.

17. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies them.

18. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies them.

19. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, and therefore denies them.

20. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, and therefore denies them.

21. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, and therefore denies them.

22. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, and therefore denies them.

23. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies them.

24. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 24 of Plaintiff's Complaint, and therefore denies them.

25. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies them.

26. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies them.

27. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, and therefore denies them.

28. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore denies them.

29. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint, and therefore denies them.

30. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint, and therefore denies them.

31. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint, and therefore denies them.

### *The Connor Group and Heartland Regional Power Company*

32. Defendant admits that it was a utility billing service provider for Stone Ridge at Vinings.   Defendant is without sufficient knowledge to admit or deny the

allegations contained in Paragraph 32 of Plaintiff's Complaint, and therefore denies them.

33. Defendant admits that Heartland billed Stone Ridge residents for common electric, water, sewer, pest control, and trash removal services, and charged a monthly administrative fee of $7.99 for same.  Defendant denies that it transferred money paid by Stone Ridge residents to The Connor Group, which, in turn, paid a portion of those proceeds to the local utility company.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 33 of the Complaint.

34. Defendant admits that it provided utility billing services to bill residents for utilities, including common electric, water and sewage utilities.  Defendant admits that this service was required when there was only one meter per building instead of a meter in each individual apartment unit in order to calculate each tenant's exact utility usage.  Defendant admits that in order to equitably distribute each resident's share of utilities, Heartland billed for usage of water/sewage based on the square footage of each apartment and the days a tenant has rented apartment. Defendant admits that according to this system, it is possible that smaller units will have smaller bills.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 34 of the Complaint.

10

35. Defendant denies each and every allegation in Paragraph 35 of the Complaint.

36. Defendant admits that it advertises the benefits of its services as assisting apartment operators to reduce monthly operating costs by increasing revenues, lowering costs, and helping to keep the focus on your core business, and to raise your property value substantially by recovering your utilities cost.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 36 of the Complaint.

37. Defendant admits that it assessed a monthly charge to each unit for pest control, which was provided upon request of the tenant or every three months, whichever occurred more frequently.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 36 of the Complaint.

38. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint, and therefore denies them.

39. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint, and therefore denies them.

40. Defendant denies that Plaintiff complained to Heartland, or requested repair or remediation of his apartment from Heartland.  Defendant also denies that it has

any duty to Plaintiff other than to timely and appropriately bill for utility services. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 40 of Plaintiff's Complaint, and therefore denies them.

41. Defendant denies that Plaintiff complained to Heartland, or requested repair or remediation of his apartment from Heartland.  Defendant also denies that it has any duty to Plaintiff other than to timely and appropriately bill for utility services. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint, and therefore denies them.

42. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of Plaintiff's Complaint, and therefore denies them.

43. Defendant denies that Plaintiff complained to Heartland, or requested repair or remediation of his apartment from Heartland.  Defendant also denies that it has any duty to Plaintiff other than to timely and appropriately bill for utility services. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint, and therefore denies them.

44. Defendant denies that Plaintiff complained to Heartland, or requested repair or remediation of his apartment from Heartland.  Defendant also denies that it has any duty to Plaintiff other than to timely and appropriately bill for utility services.

Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore denies them.

45. Defendant denies that Plaintiff complained to Heartland, or requested repair or remediation of his apartment from Heartland.  Defendant also denies that it has any duty to Plaintiff other than to timely and appropriately bill for utility services. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 45 of Plaintiff's Complaint, and therefore denies them.

46. Defendant admits that it timely and appropriately bills Stone Ridge residents for utility services.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 46 of the Complaint.

47. Defendant denies each and every allegation in Paragraph 47 of the Complaint.

## CLASS ALLEGATIONS

48. Defendant admits that Plaintiff purports to bring this action on behalf of himself and a putative class of similarly-situated individuals, the existence of which Defendant expressly denies.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 48 of the Complaint.

49. Defendant admits that Plaintiff purports to bring this action pursuant to O.C.G.A. § 9-11-23/Fed. R. Civ. P. 23 to recover injunctive relief and damages.

Defendant expressly denies that Plaintiff is entitled to any such recovery.  Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 49 of the Complaint.

50. Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Defendant denies each and every allegation contained in Paragraph 52 of the Complaint.

53. Defendant denies each and every allegation contained in Paragraph 53 (including sub-parts (a) - (s)) of the Complaint.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

14

58. Defendant denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Defendant denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

## COUNT I
**(Alleged Breach of Contract)**
**(Stone Ridge and The Connor Group)**

61. Defendant incorporates by reference each and every response contained in Paragraphs 1 through 61 of the Complaint, as if set forth fully herein.

62. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 62 of Plaintiff's Complaint, and therefore denies them.

63. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 63 of Plaintiff's Complaint, and therefore denies them.

64. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 64 (including sub-parts (a) through (d)) of Plaintiff's Complaint, and therefore denies them.

65. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 65 of Plaintiff's Complaint, and therefore denies them.

66. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 66 of Plaintiff's Complaint, and therefore denies them.

67. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 67 of Plaintiff's Complaint, and therefore denies them.

68. Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint, and therefore denies them.

## <u>COUNT II</u>
### (Alleged Negligence)
### (Stone Ridge and The Connor Group)

69. Defendant incorporates by reference each and every response contained in Paragraphs 1 through 60 of the Complaint, as if set forth fully herein.

70. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint, and therefore denies them.

71. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 71 of Plaintiff's Complaint, and therefore denies them.

72. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 72 of Plaintiff's Complaint, and therefore denies them.

73. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 73 of Plaintiff's Complaint, and therefore denies them.

74. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 74 of Plaintiff's Complaint, and therefore denies them.

75. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 75 of Plaintiff's Complaint, and therefore denies them.

76. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 76 of Plaintiff's Complaint (including sub-parts (a) through (c)), and therefore denies them.

77. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 77 of Plaintiff's Complaint, and therefore denies them.

78. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 78 of Plaintiff's Complaint, and therefore denies them.

79. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 79 of Plaintiff's Complaint, and therefore denies them.

80. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 80 of Plaintiff's Complaint, and therefore denies them.

81. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 81 of Plaintiff's Complaint, and therefore denies them.

## COUNT III
**(Alleged Negligent Misrepresentation)**
**(Stone Ridge and The Connor Group)**

82. Defendant incorporates by reference each and every response contained in Paragraphs 1 through 81 of the Complaint, as if set forth fully herein.

83. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 83 of Plaintiff's Complaint, and therefore denies them.

84. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 84 of Plaintiff's Complaint, and therefore denies them.

85. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 85 of Plaintiff's Complaint, and therefore denies them.

86. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 86 of Plaintiff's Complaint, and therefore denies them.

87. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 87 of Plaintiff's Complaint, and therefore denies them.

88. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 88 of Plaintiff's Complaint, and therefore denies them.

89. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 89 of Plaintiff's Complaint, and therefore denies them.

## COUNT IV
### (Alleged Breach of Implied Warranty of Habitability)
### (Stone Ridge and The Connor Group)

90. Defendant incorporates by reference each and every response contained in Paragraphs 1 through 90 of the Complaint, as if set forth fully herein.

91. Defendant admits that Plaintiff purports to bring an action for breach of implied warranty of habitability pursuant to O.C.G.A. § 44-7-13 and §44-7-14. Except as expressly admitted herein, Defendant denies each and every remaining allegation in Paragraph 91 of the Complaint.

92. Paragraph 92 of the Complaint contains statements of law to which no response is necessary, other than to deny that Defendant breached any obligation -- legal or otherwise -- to Plaintiff.

93. Paragraph 93 of the Complaint contains statements of law to which no response is necessary, other than to deny that Defendant breached any obligation -- legal or otherwise -- to Plaintiff.

94. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 94 of Plaintiff's Complaint, and therefore denies them.

95. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 95 of Plaintiff's Complaint, and therefore denies them.

96. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint, and therefore denies them.

97. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 97 of Plaintiff's Complaint, and therefore denies them.

98. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 98 of Plaintiff's Complaint, and therefore denies them.

99. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 99 of Plaintiff's Complaint, and therefore denies them.

100. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 100 of Plaintiff's Complaint, and therefore denies them.

101. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 101 of Plaintiff's Complaint, and therefore denies them.

102. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 102 of Plaintiff's Complaint, and therefore denies them.

<u>**COUNT V**</u>
**(Georgia Uniform Deceptive Trade Practices Act)**
**(Stone Ridge and The Connor Group)**

103.    Defendant incorporates by reference each and every response contained in Paragraphs 1 through 60 of the Complaint, as if set forth fully herein.

104.    Paragraph 104 of the Complaint is a conclusion of law, and therefore does not require a response from Defendant.  To the extent a response is required, the allegations in Paragraph 104 of the Complaint are denied.

105.    Paragraph 105 of the Complaint is a conclusion of law, and therefore does not require a response from Defendant.  To the extent a response is required, the allegations in Paragraph 105 of the Complaint are denied.

106.    Paragraph 106 of the Complaint is a conclusion of law, and therefore does not require a response from Defendant.  To the extent a response is required, the allegations in Paragraph 106 of the Complaint are denied.

107.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 107 of Plaintiff's Complaint, and therefore denies them.

108.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 108 (including sub-parts (a) through (f) of Plaintiff's Complaint, and therefore denies them.

109.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 109 of Plaintiff's Complaint, and therefore denies them.

110.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 110 of Plaintiff's Complaint, and therefore denies them.

111.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 111 of Plaintiff's Complaint, and therefore denies them.

112.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 112 of Plaintiff's Complaint, and therefore denies them.

113.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 113 of Plaintiff's Complaint, and therefore denies them.

114.    Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 114 of Plaintiff's Complaint, and therefore denies them.

## COUNT VI
**(Georgia Uniform Deceptive Trade Practices Act)**
**(All Defendants)**

115.     Defendant incorporates by reference each and every response contained in Paragraphs 1 through 60 of the Complaint, as if set forth fully herein.

116.     Paragraph 116 of the Complaint is a conclusion of law, and therefore does not require a response from Defendant.  To the extent a response is required, the allegations in Paragraph 116 of the Complaint are denied.

117.     Paragraph 117 of the Complaint is a conclusion of law, and therefore does not require a response from Defendant.  To the extent a response is required, the allegations in Paragraph 117 of the Complaint are denied.

118.     Paragraph 118 of the Complaint is a conclusion of law, and therefore does not require a response from Defendant.  To the extent a response is required, the allegations in Paragraph 118 of the Complaint are denied.

119.     Defendant states that Paragraph 119 is simply a recitation of a statute. Defendant states that the statute speaks for itself.

120.     Defendant denies each and every allegation in Paragraph 120 of the Complaint.

121.     Defendant denies each and every allegation in Paragraph 121 of the Complaint.

122.    Defendant admits that it advertises on its website that it provides utility billing services for communities that do not have meters for the identified utility in each apartment unit, in which case it bills back for usage of that utility based on the square footage of the apartment.  Defendant admits that it advertises on its website that apartment communities do not profit on their utilities.   Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 122 of the Complaint.

123.    Defendant denies each and every allegation in Paragraph 123 of the Complaint.

124.    Defendant denies each and every allegation in Paragraph 124 of the Complaint.

125.    Defendant denies each and every allegation in Paragraph 125 of the Complaint.

126.    Defendant denies each and every allegation in Paragraph 126 of the Complaint.

127.    Defendant denies that Plaintiff and any putative class, the existence of which Defendant denies, are entitled to any relief.  Defendant denies each and every allegation in Paragraph 127 of the Complaint.

128.     Defendant denies each and every allegation in Paragraph 128 of the Complaint.

129.     Defendant denies each and every allegation in Paragraph 129 of the Complaint.

## COUNT VII
### (Alleged Unjust Enrichment)
### (Stone Ridge and The Connor Group)

130.     Defendant incorporates by reference each and every response contained in Paragraphs 1 through 60 of the Complaint, as if set forth fully herein.

131.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 131 of Plaintiff's Complaint, and therefore denies them.

132.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 132 of Plaintiff's Complaint, and therefore denies them.

133.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 133 of Plaintiff's Complaint, and therefore denies them.

134.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 134 of Plaintiff's Complaint, and therefore denies them.

135.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 135 of Plaintiff's Complaint, and therefore denies them.

136.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 136 of Plaintiff's Complaint, and therefore denies them.

**COUNT VIII**
**(Alleged Unjust Enrichment)**
**(All Defendants)**

137.     Defendant incorporates by reference each and every response contained in Paragraphs 1 through 60 of the Complaint, as if set forth fully herein.

138.     Defendant denies each and every allegation in Paragraph 138 of the Complaint.

139.     Defendant denies each and every allegation in Paragraph 139 of the Complaint.

140.     Defendant denies each and every allegation in Paragraph 140 of the Complaint.

141.     Defendant denies each and every allegation in Paragraph 141 of the Complaint.

142.     Defendant denies each and every allegation in Paragraph 142 of the Complaint.

143.     Defendant denies that Plaintiff is entitled to any form of relief. Defendant denies each and every remaining allegation in Paragraph 143 of the Complaint.

## PLAINTIFF'S REQUESTED RELIEF

Defendant denies the Demand for Relief set forth in the unnumbered Prayer for Relief paragraph following Paragraph 143 of the Complaint, including subparts (A) through (G), or that Plaintiff is entitled to any damages whatsoever or relief of any nature.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays the Court:

1. Dismiss each and all of Plaintiff's claims in their entirety and with prejudice, including but not limited to his request that the Court certify this controversy as a class action;

2.  Deny each and every prayer for relief identified in Plaintiff's Complaint;

3.  Award against Plaintiff and/or his attorney, jointly and severally, Defendant's reasonable attorneys' fees, expenses and costs associated with defending this action;

4.  Order judgment in favor of Defendant on all counts asserted against it;

5.  Award Defendant any and all other legal or equitable relief the Court deems proper.

## PLAINTIFF'S JURY DEMAND

Defendant denies that there are any issues properly triable to a jury in this action.

Respectfully submitted this 6th day of August, 2012,

*s/Kathryn J. Hinton*
David E. Gevertz, Esq.
GA Bar No. 292430
Kathryn J. Hinton, Esq.
GA Bar No. 542930
Monarch Plaza, Suite 1600
3414 Peachtree Road N.E.
Atlanta, Georgia 30326
Phone: (678) 406-6000
Fax:    (404) 221-6501
dgevertz@bakerdonelson.com
khinton@bakerdonelson.com

*Attorneys for Defendant*

28

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned counsel certifies the foregoing document has been prepared with one of the font and point selections (Times New Roman, 14 point) approved by the Court in local rule 5.1(C) and 7.1(D).

**<u>August  6, 2012</u>**
**Date**

**/s/ Kathryn J. Hinton**
GA Bar No. 542930
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326-1164
Phone:  404-223-2216
Fax:  404-238-9785

*Attorney for Defendant*
*Heartland Regional Power*
*Company, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of *Defendant Heartland Regional Power Company, LLC's Answer and Affirmative Defenses* by depositing same in the U.S. Mail with proper postage affixed and addressed as follows:

Rachel Soffin
Morgan & Morgan, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida 33602

Justin D. Miller
Morgan & Morgan, P.A.
191 Peachtree Street NE, Suite 4200
Atlanta, GA 30303-1748

*Counsel for Plaintiff*

This 6th day of August, 2012.

s/Kathryn J. Hinton
Kathryn J. Hinton, Esq.
GA Bar No. 542930