IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTOPHER COX, on behalf of  :
himself and all others similarly  :
situated,  :
    :        CIVIL ACTION NO.
    Plaintiff,  :        1:12-CV-02633-AT
    :
    v.  :
    :
STONE RIDGE AT VININGS, LLC;  :
THE CONNOR GROUP, A REAL  :
ESTATE INVETMENT FIRM, LLC; and  :
HEARTLAND LLC; REGIONAL
POWER COMPANY, LLC,

    Defendants.

## ORDER

    This case is before the Court on Plaintiff's two motions to strike affirmative defenses [Docs. 12, 14] pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  For the reasons discussed below, these motions are **GRANTED IN PART** and **DENIED IN PART**.

### I.  Background

    On June 29, 2012, Plaintiff brought the instant class action suit against Stone Ridge at Vinings, LLC et al. ("Stone Ridge"), alleging a variety of tort and contract claims related to living conditions at an apartment complex.  (Compl.) On July 30, 2012, Defendants removed the case to this Court pursuant to both 28 U.S.C. § 1332(d) (the Class Action Fairness Act) and 28 U.S.C. § 1332.  (Not.

Removal at ¶¶ 5-8.)   Defendant Heartland Regional Power Company, LLC ("Heartland") filed its Answer to Plaintiff's Complaint on August 6, 2012. (Answer.)   In its Answer, Heartland pled 10 affirmative defenses.   Defendant Stone Ridge filed its Answer to Plaintiff's Complaint on August 13, 2012, pleading 25 affirmative defenses.   The affirmative defenses Heartland and Stone Ridge have pled in their respective Answers are the subjects of this Order.

On August 30, 2012, Plaintiff filed a Motion to Strike each of Heartland's affirmative defenses [Doc. 12].   Plaintiff filed similar Motion to Strike Stone Ridge's affirmative defenses on September 6, 2012 [Doc. 14].   In each of his motions to strike, Plaintiff contends that Defendants' affirmative defenses are insufficient as a matter of law and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.   (Br. Supp. Mot. Strike ("Doc. 12-1") at 2; Br. Supp. Mot. Strike ("Doc. 14-1") at 2.)   Heartland and Stone Ridge have each responded to Plaintiff's separate motions.

## II. Legal Standard

Rule 12(f) provides that a party may move the Court to strike an "insufficient defense." Fed. R. Civ. P. 12(f).   Motions to strike under Rule 12(f) "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *BB In Technology Co., Ltd. V. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007); *see also Carlson Corp./Southeast v. Sch. Bd. of Seminole Cnty., Fla.*, 778 F. Supp. 518, 519 (M.D. Fla. 1991) (stating that motions to strike are generally considered "time wasters"

that will "usually be denied").   Furthermore, motions to strike affirmative defenses are generally disfavored.   *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991).   If granted, the non-moving party is generally given leave to amend.   *Racick v. Dominion Law Associates,* 270 F.R.D. 228, 232 (E.D.N.C. 2010).   On a motion to strike, the Court must accept the factual allegations as true, just as on a 12(b)(6) motion.   *See Town of River Junction v. Maryland Cas. Co.*, 110 F.2d 278, 280 (5th Cir. 1940).

## III.   Discussion

In support of its motions to strike Defendants' affirmative defenses, Plaintiff claims that each affirmative defense pled in this case fails to meet the pleading standard of Rule 8 of the Federal Rules of Civil Procedure.   (Doc. 12-1 at 2; Doc. 14-1 at 2.)   Plaintiff contends that none of the defenses are pled with enough specificity to give fair notice of the nature of the defense.   (Doc. 12-1 at 3-4; Doc. 14-1 at 3-4.)   The Court addresses the Rule 8 question before considering each affirmative defense individually.

Rule 8(a)(2) relates to the pleading of a claim, and requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P.   In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified that Rule 8(a) requires a complaint to set forth sufficient facts to render a claim for relief as plausible.   Conclusory allegations are not sufficient. *Id.* at 555.   Since that decision, courts have been in disagreement over whether the plausibility standard extends to the pleading of affirmative defenses under

Rules 8(b)(1) and 8(c).  *Compare Jackson v. City of Centreville,* 269 F.R.D. 661, 662 (N.D. Ala 2010) ("[n]either *Twombly* nor *Iqbal* address Rules 8(b)(1)(A) and 8(c) which pertain to affirmative defenses") *with HCRI TRS Acquirer, LLC v. Iwer,* 708 F. Supp. 2d 687, 691 (N.D. Ohio 2010) ("[w]hile the language in Civil Rule 8(a) differs from the language in Civil Rule 8(b) & (c), this difference is minimal and simply reflects the fact that an answer is a response to a complaint").

Plaintiff argues that the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), pleading requirements extend to affirmative defenses.  (Doc. 12-1 at 3 (arguing that affirmative defenses must comply with the pleading requirements of Rule 8(a), which the *Twombly* Court was tasked with interpreting)  Plaintiff thus contends that a party asserting an affirmative defense "must do more than make conclusory allegations."  (*Id.* at 4 (quoting *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005)).  The case upon which Plaintiff relies in making this argument was decided two years before *Twombly*.  By way of contrast, Eleventh Circuit courts have more recently declined to apply *Twombly* pleading standards to affirmative defenses.  *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010).  Instead, recent decisions from this Circuit have held that "the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Navarro v. Santos Furniture Custom Design, Inc.*, 372 F. App'x 24, 27 (11th Cir. 2010); *See also Bergquist v. Fidelity Info. Servs., Inc.*, 197 F. App'x 813, 815 (11th

4

Cir. 2006) ("it is plain that the purpose of Rule 8(c) [is] simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial"); *Hassan v. United States Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988) (interpreting Rule 8(c) as "simply . . . guarantee[ing] that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it").

This Court therefore declines to extend the pleading requirements of *Twombly* to affirmative defenses. Considering the available authority, along with the twenty-one day period defendants have to respond to a complaint, it is not at all obvious that affirmative defenses were impacted by *Twombly*. Consistent with the Eleventh Circuit's recent decision in *Navarro*, the Court reviews affirmative defenses to ensure they provide fair notice of the nature of the defense and the grounds upon which it rests. *See Navarro,* 372 F. App'x at 27.

An affirmative defense "raises matters extraneous to the plaintiff's *prima facie* case" that can defeat a claim. *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (quotation omitted). "An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986) (emphasis omitted). Such a defense is insufficient when "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Affirmative defenses must

amount to more than mere conclusions of law.  *Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2nd Cir. 1996).  "A defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense."  *In re Rawson*, 846 F.2d at 1349.  Guided by these standards, the Court addresses the sufficiency of Heartland and Stone Ridge's affirmative defenses.

### A.   Heartland's Affirmative Defenses

#### i.   First affirmative defense

As its first affirmative defense, Heartland asserts that "Plaintiff's Complaint . . . fails to state a claim upon which relief can be granted."  (Hearland Answer ("Doc. 4") at 1.)  From what the Court can discern, Heartland saw fit to include a Rule 12(b)(6) motion for dismissal as its first affirmative defense. When faced with this type of affirmative defense, courts in this circuit recognize it is "not technically an affirmative defense," but often decline to strike the defense. *Dougan v. Armitage Plumbing, LLC*, No. 6:11–cv–1409–Orl–22KRS, 2011 WL 5983352, at *1 (M.D. Fla. Nov. 14, 2011); s*ee also Taney v. Holding Co. of the Villages, Inc.*, No. 5:10–cv–134–Oc–32JRK, 2010 WL 4659604, at *1 (M.D. Fla. Nov. 9, 2010).  Thus, the defense is not stricken, but like the court in *Taney* this Court does not "give it much credence."  2010 WL 4659604, at *1.

#### ii.   Second affirmative defense

Heartland asserts in its second affirmative defense that "Plaintiff lacks standing to assert some or all of the claims raised in [his] Complaint."  (Doc. 4 at 2.)  The Eleventh Circuit has ruled that, "[b]ecause standing is jurisdictional, a

dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Heartland thus appears to have included a Rule 12(b)(1) motion for dismissal as its second affirmative defense. This motion too is not technically an affirmative defense. However, where a defendant mistakenly labels a denial as an affirmative defense, "the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at *2 (S.D. Fla. Sept. 9, 2008). This Court therefore treats Heartland's second affirmative defense as a denial of Plaintiff's claim pursuant to Rule 12(b)(1).

### iii. Third and fourth affirmative defenses

Heartland asserts in its third affirmative defense that "Plaintiff's and the putative class's damages claims are barred, in whole or in part, by his/their failure to mitigate their claimed damages." (Doc. 4 at 2.) Heartland continues in the same vein in its fourth affirmative defense, stating that it is not liable to Plaintiff because Plaintiff "unreasonably failed to take advantage of preventative and corrective opportunities or to otherwise avoid the alleged harm experience by [him]." (*Id.*) Plaintiff objects that the defenses "are unsubstantiated and do not include any facts supporting Defendant's assertion." (Doc.12-1 at 6.) Plaintiff also argues that the defenses fail to indicate how the theory of Plaintiff's failure to mitigate "is connected to the case at hand." (*Id.* (quoting *Merrill Lynch Business*

*Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc.*, No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *12 (S.D. Fla. March 4, 2005)).  The Court has already noted that Rule 8(c) is not governed by the pleading standards of *Twombly*.  Defendant is therefore not required to include facts in support of its assertion that Plaintiff has failed to mitigate its damages in this case.  Plaintiff contends on the basis of a 2005 report and recommendation from a magistrate judge that Defendant's affirmative defense must state explicitly what measures Plaintiff failed to take in order to mitigate its damages.  However, post-*Twombly* decisions from this Circuit have held that such explication is not required.

### iv. Fifth affirmative defense

In its fifth affirmative defense, Heartland states that "Plaintiff's Complaint cannot be sustained as a class action because his claims do not fulfill one or more of the prerequisites of § 9-11-23(a)/Fed. R. Civ. P. 23(c) or any of the standards set forth at § 9-11-23(b)(1)-(3)/Fed R. Civ. P. 23(b)."  (Doc. 4 at 2.)  Plaintiff argues that Defendant's contention is not a true affirmative defense, since the Court must determine whether Plaintiff has met the prerequisites for class certification at the class certification stage.  (Doc. 12-1 at 8.)  Although the Court agrees that Heartland here has not technically raised an affirmative defense, the Court declines to strike Heartland's Fifth Defense, and will instead treat it as an objection to class certification.  *See Smith v. Beasley*, No. 3:10-cv-317-J-32JBT, 2011 WL 3961823, at *3 (M.D. Fla. Sept. 8, 2011).

### v. Sixth affirmative defense

8

Heartland claims in its sixth affirmative defense that "[s]ome or all of the claims Plaintiff seeks to bring on behalf of himself and/or the putative class are barred by application of the statute of limitations and/or by the equitable doctrine of laches, waiver, and/or unclean hands." (Doc. 4 at 3.) The Court recognizes that these types of defenses require little factual support to survive a motion to strike. *See Adams v. JP Morgan Chase Bank*, N.A., No. 3:11–cv–337–J–37MCR, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011). This pleading succeeds in putting Plaintiff on notice of these defenses and therefore is not stricken.

### *vi. Seventh affirmative defense*

In its seventh affirmative defense, Heartland states that "Plaintiff's and the putative class's alleged injuries were proximately caused by the superseding and intervening acts of third parties over which Defendant had no control and for which Defendant is not liable." (Doc. 4 at 3.) As the Court has already stated, Heartland is not required to plead specific facts in outlining its "proximate cause" defense. Furthermore, to the extent that Heartland's contention relates to Plaintiff's *prima facie* case and as such is not a true affirmative defense, the Court construes it as a denial of Plaintiff's claims.

### *vii.   Eighth and ninth affirmative defenses*

Heartland claims in its eighth affirmative defense that "[a]ny award of punitive damages against Defendant in this matter would violate Defendant's guarantees of due process, equal protection, property and protection against

excessive fines under the Fourteenth Amendment to the U.S. Constitution and the Georgia Constitution."   (Doc. 4 at 3.)   In its ninth affirmative defense, Heartland makes further arguments against an award of punitive damages in this case.  As Plaintiff points out, Plaintiff has not pled a claim for punitive damages. The Court therefore strikes Heartland's eighth and ninth affirmative defenses as superfluous.

### viii.   Tenth affirmative defense

Heartland asserts in its tenth affirmative defense that "Defendant is currently without knowledge or information sufficient to form a belief as to whether other affirmative defenses apply in this matter.  Defendant expressly reserves its rights to raise any additional affirmative defenses that may be applicable." (Doc. 4 at 4.)  As Plaintiff points out, Heartland may not reserve its right to amend its pleading its pleading and must instead petition the court for leave to amend.   *Merrill Lynch Business Fin. Servs., Inc.* No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *12.   The Court therefore strikes Heartland's tenth affirmative defense.

### ix. Prayer for relief

In its prayer for relief, Heartland asks the Court to dismiss each of Plaintiff's claims with prejudice, deny Plaintiff's requested relief, award Heartland attorneys' fees, order judgment in favor of Heartland and award Heartland other legal or equitable relief as the Court sees fit.  (Doc. 4 at 27-28.)  .) Heartland's prayer for relief is not couched in terms of a defense, nor is a prayer

for dismissal and attorney's fees an "immaterial, impertinent, or scandalous matter" under Rule 12(f).  *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985) (noting that the Court may award a defendant attorney's fees if a party brings a claim in bad faith); *Stephens v. Trust for Public Land*, 479 F. Supp. 2d 1341, 1346 (N.D. Ga. 2007) (noting that striking a pleading amounts to a "drastic remedy" and that motions to strike are therefore "rarely granted absent a showing of prejudice").  The Court therefore declines to strike Heartland's prayer for relief.

### B.   Stone Ridge's Affirmative Defenses[1]

#### i.   Ninth affirmative defense[2]

In its ninth affirmative defense, Stone Ridge states that "Stone Ridge and The Connor Group did not breach any duty of care owed to Plaintiff."  (Doc. 8 at 3.)  Plaintiff objects that Stone Ridge has failed to provide factual support for its contention.  (Doc. 14-1 at 12.)  Since Stone Ridge is not required to provide detailed factual support for its defenses, the Court declines to strike Stone Ridge's ninth affirmative defense.

#### ii.   Twelfth, thirteenth, fourteenth and twentieth affirmative defenses

---

[1] Stone Ridge has withdrawn its second, third, twenty-second, twenty-third, twenty-fifth and twenty-sixth affirmative defenses.

[2] Stone Ridge's First, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth and Eleventh Defenses and its Prayer for Relief are the same as or substantially similar to the First, Third, Fourth, Fifth, Sixth and Seventh defenses and the Prayer for Relief raised by Heartland, respectively.  The Court therefore refers to its dicsussion in Section III.A for an analysis of Plaintiff's motion to strike those defenses.

In its twelfth, thirteenth and fourteenth affirmative defenses, Stone Ridge asserts that Plaintiff was responsible for any alleged harm that has occurred in this case as a result of contributory or comparative negligence.  (Doc. 8 at 4.)  In its twentieth affirmative defense, Stone Ridge asserts that "[i]f there is any actionable liability of Stone Ridge and The Connor Group . . . such liability should be compared to the fault of the Plaintiff and other persons involved in the matters alleged in Plaintiff's Complaint."  (Doc. 8 at 5.)  Plaintiff makes familiar objections to these assertions, noting that Stone Ridge has failed to allege sufficient facts in support of its defenses under Rule 8(c).  (Doc. 14-1 at 13-15.)  Since Stone Ridge is not required to provide detailed factual support for its defenses, the Court declines to strike Stone Ridge's twelfth, thirteenth, fourteenth and twentieth affirmative defenses.

### iii.   Fifteenth affirmative defense

Stone Ridge claims in its fifteenth affirmative defense that "Plaintiff's claims are barred in whole or in part because of his failure to mitigate, or avoid the alleged damages in the Complaint."  (Doc. 8 at 4.)  This defense repeats the content of Stone Ridge's fourth and fifth affirmative defenses.  The Court therefore strikes Stone Ridge's fifteenth affirmative defense as duplicative.

### iv.   Sixteenth, seventeenth and twenty-first affirmative defenses

In its sixteenth affirmative defense, Stone Ridge asserts that "Plaintiff's claims against Stone Ridge and The Connor Group are barred by the doctrine of

estoppel." (*Id.*)  In its seventeenth affirmative defense, Stone Ridge states that "Plaintiff's claims against Stone Ridge and The Connor Group are barred by the doctrine of release." (*Id.*)  Finally, in its twenty-first affirmative defense, Stone Ridge asks that, "[i]f Plaintiff has received, or is now or subsequently becomes entitled to recover, any compensation or benefits from any source in connections with the damages alleged in Plaintiff's Complaint, the amount of damages, if any . . . shall be diminished by the amount of said recovery, compensation or benefits." (*Id.* at 5-6.)  Plaintiff's sole objection to these defenses is that Stone Ridge has failed to provide any facts in support of its contentions.  Since Stone Ridge is not required to provide detailed factual support for its defenses, the Court declines to strike Stone Ridge's sixteenth, seventeenth and twenty-first affirmative defenses.

### v.  *Eighteenth and nineteenth affirmative defense*

Stone Ridge states in its eighteenth affirmative defense that "Plaintiff's claims for injunctive relief are barred in whole or in part by Plaintiff's inability to establish the requirements for injunctive relief, including a risk of irreparable harm." (*Id.* at 5.)  In its nineteenth affirmative defense, Stone Ridge states that "Plaintiff's claims for injunctive relief are barred by the existence of an adequate remedy of law." (*Id.*)  As the Court has already noted, to the extent that Stone Ridge's contentions relates to Plaintiff's *prima facie* case and as such are not true affirmative defenses, the Court construes them as denials of Plaintiff's claims. The Court therefore declines to strike Stone Ridge's eighteenth and nineteenth affirmative defenses.

### vi.  *Twenty-fourth affirmative defense*

In its twenty-fourth affirmative defense, Stone Ridge states that "Plaintiff's claims for attorneys' fees and expenses are barred in that Stone Ridge and The Connor Group have not acted in bad faith, have not been stubbornly litigious, and have not caused the Plaintiff's unnecessary trouble or expense in any transaction underlying Plaintiff's lawsuit." (*Id.* at 6.)  Although this is not a true affirmative defense, the Court declines to strike it, and instead treats it as a denial of Plaintiff's claim for attorney's fees.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motions to strike [Docs. 12, 14] are **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's Motion to Strike Heartland's affirmative defenses [Doc. 12] is **GRANTED** for affirmative defenses **8, 9 and 10**.  The motion is **DENIED** for defenses **1, 2, 3, 4, 5, 6 and 7**.  The Court treats defenses **2 and 7** as denials of Plaintiff's claims.  Plaintiff's Motion to Strike Stone Ridge's affirmative defenses [Doc. 14] is **GRANTED** for affirmative defenses **2, 3, 15, 22, 23, 25 and 26**.  The motion is **DENIED** for defenses **1, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 and 24**.  The Court treats defenses **11, 18, 19 and 24** as denials of Plaintiff's claims.  Heartland and Stone Ridge have twenty days to amend their answers to plead any additional grounds for their defenses to Plaintiff's Complaint allegations in light of this Order.

It is so **ORDERED** this 23rd day of October, 2012.

Amy Totenberg
United States District Judge